# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| LeRoy Jeffers,<br><br>          Petitioner-Appellant,<br>v.<br><br>State of Minnesota,<br><br>          Respondent-Appellee. | Civil No. 10-3746 (JRT/LIB)<br><br>**MEMORANDUM AND ORDER** |

This matter is presently before the Court on Petitioner's application for leave to proceed <u>in forma pauperis</u>, ("IFP"), on appeal. (Docket No. 9.) Petitioner is attempting to appeal the Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. (<u>See</u> Order dated October 8, 2010; [Docket No. 6].)

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. <u>See also</u> Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. <u>Id</u>. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he is not currently employed, he has little

(if any) income at this time, and he has no assets that could be used to pay the filing fee and costs for his appeal. Based on the information furnished in the IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains satisfied that Petitioner's habeas corpus petition was properly denied, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Petitioner's application to proceed in forma pauperis on appeal, (Docket No. 9), is **GRANTED**.

Dated: February 10, 2011

                                                  s/ John R. Tunheim
                                                  JOHN R. TUNHEIM
                                                  United States District Court Judge